UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) | |
| OF THE UNITED STATES OF AMERICA ) | |
| FOR A WARRANT AUTHORIZING THE ) | |
| INSTALLATION AND MONITORING OF ) | CASE NO. 13-1718-SKG |
| TRACKING DEVICES IN OR ON: ) | UNDER SEAL |
| A GRAY MERCEDES BENZ R350 ) | |
| MINIVAN BEARING MARYLAND ) | |
| LICENSE PLATE 2A19455. ) | |

...oo0oo...

## MOTION FOR CONTINUED DELAY IN NOTIFICATION
## OF THE USE OF A TRACKING DEVICE

The United States of America, through undersigned counsel, hereby respectfully requests an order that extends the date by which the Government must notify the person who was tracked of the existence and use of a tracking warrant, and in support therefor states as follows:

1.      On July 18, 2013, the Honorable Susan K. Gauvey, United States Magistrate Judge for the District of Maryland, signed a warrant that authorized the installation and use of a tracking device on a gray Mercedes Benz R350 minivan, bearing Maryland license plate 2A19455 and registered to Keswick Auto Repair LLC, for a period of 45 days.  As set forth in the affidavit submitted in support of the application for the warrant, there was probable cause to believe that certain individuals were using the Mercedes to transport drug money to California and to return carrying cocaine.

2       As part of the tracking warrant, the Court permitted delayed notification, pursuant to Federal Rule of Criminal Procedure 41(f)(2)(C) and (f)(3), to Keswick Auto Repair of the installation and use of the tracking device for a period of 30 days after tracking of the vehicle was terminated.



1

3.      After the tracking device was installed, the vehicle was tracked to California where it was abandoned by the driver on July 25, 2013. The minivan was then taken by police to a municipal impound lot. Government agents waited for several days for someone to claim the vehicle at the impound lot, but no one claimed the vehicle and the agents removed the tracking device on August 7, 2013. During a routine inventory search of the vehicle, the agents also found over $1 million in cash in the minivan.

4.      According to the DEA case agents, the targets also moved their stash house in August and may be using different vehicles to replace the Mercedes as drug transports. The agents hope that, through observations of the new stash location, they will be able to identify the new drug transport vehicles, and they then will apply for new tracker authorization.

5.      The Government, without further action by the Court, would be required to notify Keswick Auto Repair of the installation and use of the tracking device on or before September 6, 2013.

6.      Disclosure of this tracking warrant, at this juncture, however, would seriously jeopardize this on-going criminal investigation; it would likely cause the destruction of or tampering with evidence; and it would notify members of the conspiracy of law enforcement's knowledge of their operations, and might cause the targets to go into hiding to avoid prosecution.

7.      As is mentioned above, a delay of notice is authorized in Federal Rule of Criminal Procedure 41(f)(3) if such a "delay is authorized by statute." Such a delay is expressly authorized by 18 U.S.C. section 3103a(b), if the Court finds reasonable cause to believe that immediate notice would have an adverse result. In 18 U.S.C. section 2705, "adverse result" is defined, in part, as a risk of flight from prosecution or the destruction of or tampering with evidence. As is described above, these are risks that are presented by immediate disclosure in

2

this case. In the affidavit submitted in support of the application for the tracker warrant, the agent described surveillance of one coconspirator as he cleaned out the stash house using "blue protective gloves and carrying a broom and a dustpan." This demonstrates an awareness of potential evidence and an effort to remove it. As also is set forth in the affidavit, the coconspirators all have access to a number of vehicles and a number of Maryland interchangeable auto dealer's tags; these present an opportunity to move about quickly and unnoticed, and they offer a means to flee from prosecution.

8.      Section 3103a(b) also requires, as a predicate for further delay, (1) that the warrant not authorize the seizure of tangible property, and (2) that it provide for the giving of notice within a reasonable period not to exceed 30 days. The warrant pertaining to the Mercedes Benz minivan does not authorize the seizure of any tangible property, and it expressly provides for the giving of notice within 30 days. Therefore, the warrant meets the predicates outlined in section 3103a(b). According to section 3103a(c), an extension of the delay of notice can be authorized for periods of 90 days. Because the warrant materials are under seal and for the reasons outlined above, the Government also requests that this motion and the Court's order be placed under seal.

**WHEREFORE**, the Government respectfully requests, pursuant to 18 U.S.C. § 3103a, and for good cause shown, that notification of installation and use of the tracking device be delayed for an additional period of ninety (90) days; and that this motion and order be SEALED to protect the integrity of an on-going criminal investigation.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

3

Richard C. Kay
Assistant United States Attorney